**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UBIQUITOUS ENTERTAINMENT STUDIOS, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:14-CV-02261-RWS |
| v. | : | |
| | : | |
| MCPHERSON IMPLEMENTING LOCAL REDEVELOPMENT AUTHORITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on Defendant Tyler Perry and Tyler Perry Studios, LLC's Motion to Dismiss [5], Defendant McPherson Implementing Local Redevelopment Authority's Motion to Dismiss [7], Plaintiff's First Motion for Extension of Time to File a Response [10], Plaintiff's First Motion for Leave to File a Reply [14], and Plaintiff's First Motion for Leave to File Supplemental Brief [22]. After reviewing the record, the Court enters the following Order.

**Background**

This case arises out of the state-created McPherson Implementing Local

Redevelopment Authority's ("MILRA") attempt to find one or more buyers of the Fort McPherson property, a base the United States Department of Defense has slated for closure. Plaintiff Ubiquitous Entertainment Studios, LLC ("UES") alleges that MILRA abandoned its plans to hold an open bidding process for the sale of all or part of Fort McPherson contrary to its representations to UES in January 2014. At the time, MILRA told UES it could not negotiate a deal because the federal government had yet to convey to MILRA title to the land. MILRA stated that once they had title, they would notify UES and other parties interested in purchasing part of Fort McPherson by public notice. (Compl., Dkt. [1] ¶ 22.) In June 2014, however, Atlanta Mayor Kaseem Reed announced "that the City of Atlanta and MILRA had entered into 'robust' talks to conclude the purchase of Ft. McPherson by movie-maker Tyler Perry by the end of July 2014." (Id. ¶ 26.)

On July 16, 2014, Plaintiff filed suit against MILRA, Tyler Perry, Tyler Perry Studios, LLC, the Department of Defense, and other federal-government defendants alleging that MILRA and the Tyler Perry defendants violated Plaintiff's substantive and procedural due process rights by failing to adhere to the proper statutory and regulatory requirements for disposing of federal



AO 72A
(Rev.8/82)

property. Plaintiff also alleges state-law claims of fraud and negligent misrepresentation based on MILRA's representation that it would later notify interested buyers when it received title and could negotiate. Last, Plaintiff asserts a conversion claim against the Tyler Perry defendants for unlawfully possessing site and construction plans UES created and shared with MILRA. MILRA and the Tyler Perry defendants move for dismissal of all claims. It appears that the federal-government defendants have not been served.

## Discussion

The Court held a hearing on Defendants' motions to dismiss on September 26, 2014. At that hearing, counsel for the federal-government defendants made an appearance and pointed out a ripeness issue in this action. Counsel represented that the Department of Defense has not conveyed title to MILRA. Therefore, MILRA is currently incapable of closing a deal on the property with the Tyler Perry defendants. It is unclear when the Department of Defense will complete all the bureaucratic steps necessary to approve final transfer of Fort McPherson to MILRA.

Although no Defendant raised the ripeness issue in their motions to dismiss, the ripeness inquiry "goes to whether the district court ha[s] subject



AO 72A
(Rev.8/82)

matter jurisdiction to hear the case." Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

The jurisdiction of federal courts is limited "to cases and controversies of sufficient concreteness to evidence a ripeness for review." Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997) (citing U.S. CONST. art. III, § 2, cl. 1). "Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). Furthermore, the ripeness doctrine "protects the other branches [of government] from judicial meddling. One of the 'basic rationale[s]' for the ripeness doctrine is 'to protect the [administrative] agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' " Id. (quoting Digital Props., 121 F.3d at 590). To make a ripeness determination, a court must decide "(1) the fitness of the issues for

judicial decision, and (2) the hardship of the parties of withholding court consideration." Digital Props., 121 F.3d at 589 (citing Abbott Lab. v. Gardner, 387 U.S. 136, 149 (1967)).

The gravamen of Plaintiff's constitutional claim is that MILRA did not adhere to proper procedures governing the sale of the Fort McPherson property. Yet because the federal government has not yet approved conveyance of the property to MILRA, a state entity, MILRA cannot close a deal with the Tyler Perry defendants or any other party. Therefore, Fort McPherson is still in the Army's possession, and no state or private entity has a property interest in it. Tyler Perry and MILRA have not entered into a contract to sell Fort McPherson, so at this point the Court could only issue an impermissible advisory opinion as to the legality of MILRA's actions. Consequently, this issue is not fit for judicial determination. Moreover, withholding consideration will not impose hardship on the parties because whether and when MILRA and Tyler Perry will close a deal is speculative at this point. In the event they do, and Plaintiff still believes Defendants violated their rights, they will be able to seek relief at that time. In sum, the issues in this case are not sufficiently concrete for judicial review, and thus the Court lacks subject matter jurisdiction



AO 72A
(Rev.8/82)

over this action. And because Plaintiff has not alleged diversity jurisdiction, the Court also lacks subject matter jurisdiction over Plaintiff's state-law claims.

**Conclusion**

For the foregoing reasons, Plaintiff's First Motion for Extension of Time to File a Response [10] and Plaintiff's First Motion for Leave to File a Reply [14] are **GRANTED**. Defendant Tyler Perry and Tyler Perry Studios, LLC's Motion to Dismiss [5] and Defendant McPherson Implementing Local Redevelopment Authority's Motion to Dismiss [7] are **GRANTED**. Finally, Plaintiff's First Motion for Leave to File Supplemental Brief [22] is **DENIED as moot**. The Clerk shall close the case.

**SO ORDERED**, this 7th day of October, 2014.

**RICHARD W. STORY**
United States District Judge